**In re Anabella NOY, Debtor.**

**Bankruptcy No. 96–16716–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Dec. 23, 1996.

Maria A. Guitian, Coral Gables, FL, for Debtor.

### ORDER DENYING MOTION FOR LEAVE TO FILE PAPER COPY MATRIX

This matter came before the court upon the motion of counsel for the above debtor who asked the court for an order allowing the Clerk of the Court to accept paper copy of matrix.

The movant alleged that the attorney for debtor is a sole practitioner admitted to practice before the Bankruptcy Court in about 1990. The attorney has a practice where 30% of her caseload is in the area of bankruptcy. Said attorney has been utilizing "Brother WP–3400 word processor." The attorney has not had the necessity of buying a computer although she realizes she is at a disadvantage to other attorneys without one.

Local Rule of Bankruptcy Rule Procedure 107(C) requires a matrix with each filing to be provided on a diskette. The attorney seeks a waiver of this requirement because of the circumstances set forth above.

The court referred the matter to the entire Bankruptcy Court for the Southern District of Florida who considered the issue en banc.

While the court is sympathetic to beginning practitioners who have not yet acquired their own computer, the court is also mindful of the fact that in the last calendar year, over 1,000,000 bankruptcy cases have been filed throughout the United States and that this court's filings are up almost 29%. If the court is to be able to provide for the needs of the huge number of filers in the face of growing filings and diminishing budget, this can only be accomplished through the use of state of the art automation. If the alternative in this case would require this attorney to spend thousands of dollars for installation of a computer system, the court would perhaps seek another alternative. An inquiry into the local public market place reveals that the attorney can take her paper matrix to the local Kinko's business center (a company which is apparently operating nation-wide throughout the United States) and rent the use of a computer at the rate of approximately $.20 per minute or $12 an hour. Other vendors of secretarial support services offer similar pricing. Diskettes are available for sale at prices ranging from as little as $.50 to $1 or so each. This is a far cry from purchase of a computer system in the thousands of dollars and should prove little hardship to practitioners who are not yet ready to enter the computer era.

Accordingly, and upon consideration, of the foregoing, it is

ORDERED the motion for leave to file paper copy matrix and waive the requirements of Local Rule of Bankruptcy Rule Procedure 107(C) in the above-styled cause is denied.

/s/A. Jay Cristol
A. Jay Cristol
Chief Judge,
United States Bankruptcy Court

/s/Robert A. Mark
Robert A. Mark
Judge,
United States Bankruptcy Court

/s/Paul G. Hyman, Jr.
Paul G. Hyman, Jr.
Judge,
United States Bankruptcy Court

/s/Raymond B. Ray
Raymond B. Ray
Judge,
United States Bankruptcy Court

/s/Steven H. Friedman
Steven H. Friedman
Judge,
United States Bankruptcy Court